United States District Court
Southern District of Texas
**ENTERED**
October 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON SAUNDERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00125 |
| | § | |
| COX, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND RECOMMENDATION

Petitioner Jason Saunders filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") has miscalculated his sentence. (D.E. 1). He requests his release date be recalculated. (D.E. 1). On August 31, 2023, Respondent filed a Motion for Summary Judgment, asserting Petitioner has failed to fully exhaust his administrative remedies. (D.E. 13 and D.E. 14). Alternatively, Respondent asserts Petitioner's sentence has been properly calculated.

Petitioner has failed to file a response which, pursuant to the local rules, is taken as a representation of no opposition to the Motion. After consideration, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 13 and D.E. 14) and this petition for writ of habeas corpus be **DISMISSED without prejudice** as Petitioner has failed to exhaust his administrative remedies. Alternatively, the Court may elect to dismiss this action with prejudice on the merits.

I.  **JURISDICTION**

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).  At the time of filing, Petitioner is incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted).  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

II.  **BACKGROUND**

A full background is detailed in Respondent's Answer and need not be repeated here at length.  (D.E. 14, Pages 8-9).  In short, Petitioner was prosecuted and sentenced by courts in both Texas and the United States District Court for the Western District of Missouri from 2012 to 2014.  After Petitioner was sentenced in state court, federal authorities "borrowed" Petitioner from state custody on October 15, 2013 pursuant to a federal writ of habeas corpus *ad prosequendum*.  (D.E. 14-1, Pages 3-4 and 31).  On September 2, 2014, after pleading guilty to being a felon in possession of a firearm, Petitioner was sentenced to 77 months incarceration, Petitioner was then returned to state custody on October 2, 2014 with the federal judgment filed as a detainer.  (D.E. 14-1, Pages 4 and 35-36).

In his Petition, Petitioner asserts he is being denied credit for the time he was in federal custody pursuant to the writ of habeas corpus *ad prosequendum*, specifically from

October 8, 2013[1] to October 2, 2014.  (D.E. 1, Page 7).  His projected release date is January 11, 2027.  (D.E. 14-1, Pages 5 and 48-50).  Respondent asserts Petitioner has failed to exhaust his administrative remedies and, alternatively, Petitioner's federal sentence has been calculated correctly as his state sentence was already credited for the time period Petitioner requests.

### III.  SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether there is a genuine issue as to any material fact, and if not, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Generally, Rule 56 applies to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).  Considering these standards, the undersigned has reviewed Petitioner's claims and Respondent's Motion.

### IV.  DISCUSSION

The administrative remedy procedure for federal prisoners is provided at 28 C.F.R §§ 542.10 to 542.19.  Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals.  Typically, the inmate must file an appeal to the Warden with a Request for Administrative Remedy

---

[1] The writ was signed on October 8, 2013.  (D.E. 14-1, Page 32).  However, United States Marshal records indicate a transfer to federal custody started one week later, on October 15, 2013.  (D.E. 14-1, Page 36).

commonly referred to as a BP-9; then to the Regional Director with a Regional Administrative Remedy Appeal commonly referred to as a BP-10; and finally to the Office of the General Counsel with a Central Office Administrative Remedy Appeal commonly referred to as a BP-11. 28 C.F.R. §§ 542.13 to 542.15. Administrative remedies have not been exhausted until the inmate's claim has been properly filed at all levels and has been denied at all levels. *Gutierrez v. Hijar*, No. EP-22-CV-446-FM, 2023 WL 311913, at *1-3 (W.D. Tex. Jan. 18, 2023). While there are exceptions to the exhaustion requirement which may be appropriate "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile court of action," such exceptions apply only in "extraordinary circumstances" and a petitioner bears the burden of demonstrating such circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).

Here, Petitioner properly filed a BP-9 and a BP-10 and received decisions at these levels stating his sentence has been properly calculated. (D.E. 1-1, Pages 4 and 18 and D.E. 14-1, Page 6). While he filed several BP-11 forms, they were rejected by the Central Office. Petitioner first failed to provide required copies of his BP-9 and BP-10 as well as the responses and was given additional time to resubmit. However, he failed to resubmit by the deadline and his appeal rejected as untimely. He later submitted a BP-11 to the Regional, rather than Central, Office and it was also rejected. (D.E. 1-1, Pages 1, 2 and 7 and D.E. 14-1, Pages 6 and 76). As Petitioner failed to properly submit his BP-11 for consideration by the BOP, he has not exhausted his administrative remedies.

Again, Petitioner has failed to respond to the pending Motion and has therefore, failed to raise a question of fact as to whether he exhausted his administrative remedies. Accordingly, the undersigned recommends Respondent is entitled to summary judgment because Petitioner has failed to properly exhaust his administrative remedies and has not demonstrated any extraordinary circumstances exist excusing this failure. *Atkinson v. Hawkins*, No. H-22-2652, 2023 WL 2227717, at *2-3 (S.D. Tex. Feb. 24, 2023). The dismissal of a habeas action for failure to exhaust should ordinarily be without prejudice. *Castano v. Everhart*, 235 Fed. Appx. 206, 208 (5th Cir. 2007).

Respondent alternatively argues Petitioner's argument has no merit as he received credit toward his state sentence for the time period at issue. Having review the record, the undersigned agrees. The authority to calculate federal prison sentences, and to grant credit to a sentence, is vested with the United States Attorney General, which is administratively carried out by the BOP. *United States v. Wilson*, 503 U.S. 329, 331-35 (1992). When a sentence commences and to what extent a defendant may receive credit for any time already spent in custody are governed by 18 U.S.C. § 3585. Credit is allowed for prior custody only if the time spent in official detention "has not been credited against another sentence." 18 U.S.C. § 3585(b). Therefore, the statute governing the calculation of federal sentences prohibits the award of "double credit." *Wilson*, 503 U.S. at 337.

Petitioner is not entitled to the credit he requests on his federal sentence because he has already been given credit toward his state sentence for that time. *Wilson*, 503 U.S. at 337; (D.E. 14-1, Pages 6-8, 12). The Fifth Circuit has recognized a federal prisoner is not

entitled to credit towards a federal sentence for time spent in a federal detention center after he has been temporarily produced from state custody for prosecution pursuant to a writ of habeas corpus *ad prosequendum*. *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (A writ of habeas corpus *ad prosequendum* "is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.") (citation omitted); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (same) (citations omitted).

18 U.S.C. 3585(b) prohibits the award of double credit. Because the time Petitioner spent in physical state custody was credited toward his state prison sentence, he is not entitled to receive credit again toward his federal sentence under § 3585(b). *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit time spent in state custody toward the defendant's federal sentence because that time was already "credited against another sentence.")

Further, a district judge has discretion to order a sentence to run consecutively or concurrently and absent such an order, the presumption is that the sentences run consecutively. *Setser v. United States*, 566 U.S. 231, 239-40 (2012); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Here, the federal sentencing judgment states Petitioner's federal sentence was to run consecutively to Petitioner's state sentence and therefore, his 77 month federal sentence commenced on April 6, 2021, the day he was paroled from his state sentences. (D.E. 14-1, Pages 6-7 and 45-46). Further, on January 4, 2023, United States District Judge Beth Phillips stated the same, that Petitioner's federal sentence should run consecutively to Petitioner's state sentences. (D.E. 14-1, Page 86).

Therefore, it is clear Petitioner's state and federal sentences were to run consecutively. Accordingly, Petitioner fails to show he is entitled to additional credit or that his sentence has been calculated incorrectly. The BOP is not required to credit any time Petitioner spent in physical state custody toward his federal sentence because it has already been credited against his state sentence and his state and federal sentences are to be served consecutively. 18 U.S.C. 3585(b). Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2241. An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust his administrative remedies. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, the Court may elect to dismiss Petitioner's habeas action on the merits.

### V.  RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 13 and D.E. 14) and this case be **DISMISSED without prejudice** as Petitioner has failed to exhaust his administrative remedies. Alternatively, the Court may elect to dismiss this action with prejudice on the merits.

ORDERED on October 5, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).